UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| JEANETTE WELLERS ) | |
| SS # XXX-XX-7157 ) | Case No. 18-10240 EEB |
| ) | Chapter 7 |
| Debtor. ) | |

| | |
|---|---|
| TBK BANK, SSB, Successor by Merger with ) | |
| VALLEY BANK AND TRUST ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. _____ |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| JEANETTE WELLERS, and ) | |
| EVAN CHARLES PROPERTIES, LLC, a Colorado ) | |
| Limited Liability Company ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

COMES NOW the Plaintiff, TBK Bank, SSB, successor by merger with Valley Bank and Trust, by and through its counsel, THE ROCKY MOUNTAIN LAW GROUP, LLC, by Beverly L. Edwards, Esq. and for its Complaint against the Defendants, Jeanette Wellers and Evan Charles Properties, LLC, and each of them alleges, avers and states as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334(b) and (e).

2. This proceeding is a core proceeding pursuant to, but not limited to, 28 U.S.C. §§157(b)(2)(A), (H), (I), and (O).

3. Venue in the United States Bankruptcy Court for the District of Colorado is proper under 28 U.S.C. §1408.

1

4.	This adversary proceeding is commenced under Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, to recover money or property, and under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, seeking a determination of nondischargeability of a debt pursuant to 11 U.S.C. §523(a)(6).

## PARTIES

5.	Jeanette Wellers (referred to as "Debtor" or "Defendant Wellers") filed a Petition commencing this case for relief under Chapter 11 of the Bankruptcy Code on January 12, 2018, Case No. 18-10240 EEB (the "Bankruptcy Case"). The Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code on August 1, 2019.

6.	Defendant Wellers is a Colorado resident with a primary address of 140 Humboldt Street, Denver, CO 80218.

7.	Defendant Evan Charles Properties, LLC (referred to as "Defendant ECP"), is a Colorado limited liability company, with a principal office address of 191 University Blvd., Suite 180, Denver, CO 80206.

8.	Defendant Wellers is the sole member of Defendant ECP. Defendant Wellers' membership and ownership interest in Defendant ECP is property of the bankruptcy estate in the Bankruptcy Case by virtue of the bankruptcy filing of Defendant Wellers.

9.	Plaintiff, TBK Bank, is successor by merger with Valley Bank & Trust, by virtue of the Statement of Merger recorded December 8, 2017, at File No. 20171916409, with the Colorado Secretary of State, a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "1".**

## GENERAL ALLEGATIONS

A.	Loan Documents, Collateral and Contracts

10.	Upon information and belief, Defendant ECP is the owner of certain property, described as follows:

> Lot 14, Cloverleaf Industrial Park, Filing No. 2, City and County of Broomfield, State of Colorado, except that portion conveyed to the City and County of Broomfield in Deed Recorded October 20, 2009 at Reception No. 2009013704.
>
> The real property or the address is commonly known as 1 Park Street, Broomfield, CO 80020

(referred to herein as the "Property").

11. On or around August 18, 2016, Defendant ECP, Defendant Wellers, and Frederick Wellers, executed and delivered to Valley Bank & Trust a Promissory Note in the original principal amount of $539,915.30, evidencing Loan No. XXX26-02 (referred to herein as "Loan No. 26-02"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "2".**

12. Plaintiff, as successor by merger with Valley Bank & Trust, is the current owner and holder of Loan No. 26-02, and all documents relating to Loan No. 26-02.

13. Loan No. 26-02 is secured as a first lien against the Property by virtue of a Deed of Trust dated August 18, 2016, executed by Defendant ECP as Grantor, recorded on August 22, 2016, at Reception No. 2016010184, in the records of the Clerk and Recorder of the City and County of Broomfield, State of Colorado (referred to herein as the "Loan No. 26-02 Deed of Trust"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "3"**.

14. As part of the transaction relating to Loan No. 26-02, Defendant ECP, Defendant Wellers, and Frederick Wellers, executed a Business Loan Agreement (referred to herein as the "Loan No. 26-02 Business Loan Agreement"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "4"**.

15. On or around August 18, 2016, JBlanco Enterprises, Inc., Defendant Wellers, and Frederick Wellers, executed and delivered to Valley Bank & Trust a Promissory Note in the original principal amount of $750,000.00, evidencing Loan No. XXX18-01 (referred to herein as "Loan No. 18-01"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "5".**

16. Plaintiff, as successor by merger with Valley Bank & Trust, is the current owner and holder of Loan No. 18-01, and all documents relating to Loan No. 18-01.

17. Loan No. 18-01 is subject to a Change in Terms Agreement dated January 30, 2017 and executed by J Blanco Enterprises, Inc., Defendant Wellers, and Frederick Wellers,, and further subject to a Change in Terms Agreement dated August 18, 2017, and executed by J Blanco Enterprises, Inc., Defendant Wellers, Defendant ECP and Frederick Wellers true and correct copies of which are attached hereto and incorporated herein by reference as **Exhibit "6"** and **Exhibit "7"**, respectively.

18. Loan No. 18-01 is secured as a second lien against the Property by virtue of a Deed of Trust dated August 18, 2016, executed by ECP as Grantor, recorded on August 23, 2016, at Reception No. 2016010245, in the records of the Clerk and Recorder of the City and County of Broomfield, State of Colorado (referred to herein as the "Loan No. 18-01 Deed of Trust"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "8"**.

19. As part of the transaction relating to Loan No. 18-01, J Blanco Enterprises, Inc., Defendant Wellers, and Frederick Wellers, executed a Business Loan Agreement (referred to herein as the "Loan No. 18-01 Business Loan Agreement"), a true and correct copy of which is attached

hereto and incorporated herein by reference as **Exhibit "8"**.

B.  Insurance Proceeds as Collateral for Loan No. 26-02 and Loan No. 18-01; Receipt of Insurance Proceeds for Damage to Property

20. The Loan No. 18-01 Deed of Trust and the Loan No. 26-02 Deed of Trust provide that the respective Deed of Trust was given by Defendant ECP as Grantor to secure payment of the indebtedness and performance of any and all obligations under the Loan No. 18-01 Note (executed by Defendant Wellers, Frederick Wellers, and J Blanco Enterprises, Inc.) and the Loan No. 18-01 Deed of Trust, respectively, and to secure payment of the indebtedness and performance of any and all obligations under the Loan No. 26-02 Note (executed by Defendant Wellers, Frederick Wellers, and Defendant ECP) and the Loan No. 26-02 Deed of Trust, respectively.

21. Under the Loan No. 18-01 Deed of Trust and the Loan No. 26-02 Deed of Trust, Defendant ECP was required to procure and maintain hazard insurance on the Property, and to secure Plaintiff as loss payee under the insurance policy.

22. Under the Loan No. 18-01 Business Loan Agreement, Defendant ECP, Defendant Jeanette Wellers, and Frederick Wellers, were required to procure and maintain hazard insurance on the Property, and to secure Plaintiff as loss payee under the insurance policy.

23. Under the Loan No. 26-02 Business Loan Agreement, J Blanco Enterprises, Inc., Defendant Jeanette Wellers, and Frederick Wellers, were required to procure and maintain hazard insurance on the Property, and secure Plaintiff as loss payee under the insurance policy.

24. The Loan No. 18-01 Deed of Trust and the Loan No. 26-02 Deed of Trust provide that Lender is entitled to receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness under the Loan No. 18-01 Note and/or the Loan No. 26-02 Note, to payment of any lien affecting the Property, or to the restoration and repair of the Property.

25. The Loan No. 18-01 Deed of Trust and the Loan No. 26-02 Deed of Trust provide that insurance proceeds paid for damage to the Property constitute collateral secured under the respective Deeds of Trust.

26. The Loan No. 18-01 Business Loan Agreement and the Loan No. 26-02 Business Loan Agreement provide that insurance proceeds paid for damage to the Property constitute collateral secured under the Loan No. 18-01 Deed of Trust, the Loan No. No. 26-02 Deed of Trust, and other related documents.

27. Upon information and belief, between September, 2018 and April, 2019, Defendant ECP received approximately $367,000.00 in insurance proceeds as a result of a claim filed with an insurance company for damage to the Property (the "Insurance Proceeds").

28. Pursuant to the provisions of the Loan No. 18-01 Deed of Trust and the Loan No. 26-02 Deed of Trust, the Insurance Proceeds constituted Plaintiff's collateral.

29. Pursuant to the provisions of the Loan No. 18-01 Business Loan Agreement and the Loan No. 26-02 Business Loan Agreement, the Insurance Proceeds constituted Plaintiff's collateral.

C. <u>Conversion of Insurance Proceeds; Defendant Use of Insurance Proceeds</u>

30. Upon information and belief, only a portion of the Insurance Proceeds were used to procure and perform repairs on the Property.

31. Upon information and belief, all or a part of the Insurance Proceeds, constituting Plaintiff's collateral, was expended by Defendant Wellers, the sole member of Defendant ECP, for Defendant Weller's individual and personal use.

32. Upon information and belief, all or a part of the Insurance Proceeds, constituting Plaintiff's collateral, was expended by Defendant ECP, for expenses which may or may not have been related to the conduct of the business and operations of Defendant ECP.

33. Upon information and belief, all or a part of Insurance Proceeds was used for cash withdrawals to Defendant Wellers, payment of real estate taxes on other properties owned or partly owned by Defendant Wellers, payment of business expenses for other properties or businesses owned by Defendant Wellers or entities related to Defendant Wellers, credit card payments for Defendant Wellers' former spouse, Frederick Wellers, and other expenses not relating to the business or operations of Defendant ECP.

34. Upon information and belief, Defendant Wellers and Defendant ECP dissipated the Insurance Proceeds, failed to pay the Insurance Proceeds to Plaintiff and failed to use the Insurance Proceeds to pay for repairs on the Property.

35. Defendant Wellers knew that the Insurance Proceeds constituted Plaintiff's collateral, and wholly and completed disregarded Plaintiff's interest in the Insurance Proceeds

36. Defendant ECP knew that the Insurance Proceeds constituted Plaintiff's collateral, and wholly and completely disregarded Plaintiff's interest in the Insurance Proceeds.

37. Defendant Wellers knew that failure to pay the Insurance Proceeds to Plaintiff would cause injury to the Plaintiff or property of the Plaintiff.

38. Defendant ECP knew that failure to pay the Insurance Proceeds to Plaintiff would cause injury to the Plaintiff or property of the Plaintiff.

**FIRST CLAIM FOR RELIEF – ALTER EGO/PIERCE THE CORPORATE VEIL**

39. Plaintiff incorporates by reference paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendant Wellers is the sole member of Defendant ECP, a Colorado limited liability company, Defendant Wellers owns, controls and dominates Defendant ECP, and Defendant Wellers and Defendant ECP are the alter egos of each other, under the standards set forth in *McCallum Family LLC v. Winger*, 221 P.3d 69 (Colo.App.2009)

41. Upon information and belief, Defendant Wellers and Defendant ECP were engaged in inappropriately transferring assets of value between each other, without the exchange of substantive benefit.

42. Defendant ECP was not only influenced and governed by Defendant Wellers, but there was such a unity of interest and ownership that the individuality and the separate personalities of Defendant ECP and Defendant Wellers no longer exists.

43. Upon information and belief, the alter ego relationship is supported by, among other factors 1) control and domination by Defendant Wellers of the business and affairs of Defendant ECP; 2) diversion of Defendant ECP corporate funds for Defendant Wellers' personal use; 3) disregard by Defendant ECP and Defendant Wellers of legal formalities and failure to maintain an arms-length relationship; 4) use by Defendant Wellers of Defendant ECP as a mere shell, instrumentality or conduit for herself and/or her other businesses; 5) commingling of funds and assets of Defendant ECP and Defendant Wellers; 5) use of corporate funds of Defendant ECP for non-corporate purposes, including without limitation, purposes relating to Defendant Wellers' other business or interests.

44. Justice requires recognizing the substance of the relationship over the form because the corporate fiction distinguishing Defendant ECP and Defendant Wellers is being utilized to perpetuate a fraud or defeat a rightful claim by Plaintiff, including without limitation Plaintiff's claim to object to the discharge of the debt owed by Defendant Wellers to the Plaintiff because of Defendant's willful and malicious injury by Defendant Wellers to the property of the Plaintiff.

45. The separateness of Defendant ECP and Defendant Wellers has ceased or does not exist, and the facts are such that an adherence to the fiction of the separate existence of Defendant Wellers and Defendant ECP would, under the particular circumstances, sanction a fraud or promote injustice.

46. An equitable result is achieved by disregarding the corporate form and holding Defendant Wellers subject to an action under 11 U.S.C. §523(a)(6) for nondischargeability because Defendant ECP has been drained of assets and, without piercing the corporate vile, Plaintiff will be unable to recoup damages and money owed due to Defendant ECP's dissipation of the Insurance Proceeds, Plaintiff's collateral.

WHEREFORE, Plaintiff requests that this Court enter judgment piercing the corporate veil of Defendant ECP and requests relief granted against such corporate defendant and Defendant Wellers, who is its alter ego, as follows:

a) That Defendant Wellers is the alter ego of Defendant ECP, and that the facts and

circumstances warrant judgment that Defendant Wellers liable for claims of nondischargeability under 11 U.S.C. §523(a)(6) for the dissipation of the Insurance Proceeds, Plaintiff's collateral

    b)    That Plaintiff is entitled to such other and further relief as this Court deems proper.

## SECOND CLAIM FOR RELIEF – OBJECTION TO DISCHARGE FOR LOAN NO. 18-01 (AS TO DEFENDANT WELLERS ONLY)

47.    Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as if set forth fully herein.

48.    Plaintiff is a creditor of Defendant Wellers pursuant to the Loan No. 18-01 Note and all documents relating to the Loan No. 18-01 Note.

49.    Plaintiff is the holder of a perfected security interest in the Insurance Proceeds pursuant to the Loan No. 18-01 Deed of Trust and all documents relating to Loan No. 18-01 and the Loan No. 18-01 Deed of Trust.

50.    Defendant Wellers knew that the Insurance Proceeds constituted the collateral of Plaintiff and that failure to deliver the Insurance Proceeds to the Plaintiff would cause injury to the Plaintiff or to the property of the Plaintiff.

51.    Defendant Wellers acted with substantial certainty that Defendant Wellers' failure to deliver the Insurance Proceeds to Plaintiff would cause injury to the Plaintiff or to the property of the Plaintiff.

52.    Defendant' Wellers' actions constitute willful and malicious injury to the Plaintiff or to the property of Plaintiff.

53.    Due to Defendant Wellers' actions, it was necessary for the Plaintiff to employ its undersigned attorneys and instruct the filing of this action for which the Plaintiff will incur costs and expenses, including attorney's fees, which Defendant Wellers is obligated to pay under the terms and conditions of Loan No. 18-01.

54.    By reason of the foregoing,, Plaintiff is entitled to a judgment against the Defendant Wellers for all amounts due and owing on Loan No. 18-01in an amount to be determined at trial, and a judgment determining that the debt owed to Plaintiff on Loan No. 18-01 is nondischargeable under 11 U.S.C. §523(a)(6).

WHEREFORE, the Plaintiff requests that this Court

    a)    Enter a judgment for all amounts due and owing on Loan No. 18-01 in favor of TBK Bank, SSB, successor by merger with Valley Bank and Trust, and against Defendant Jeanette Wellers, in an amount to be determined at trial, pursuant to 11 U.S.C. §523(a)(6) determining that the debt evidenced by Loan No. 18-01 is nondischargeable

  b) Enter a judgment in favor of Plaintiff, TBK Bank, SSB, successor by merger with Valley Bank and Trust, and against Defendant Jeanette Wellers, for all of Plaintiff's attorneys fees, costs and expenses incurred in bringing this action

  c) Enter such other and further relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF – OBJECTION TO DISCHARGE FOR LOAN NO. 26-02
## (AS TO DEFENDANT WELLERS ONLY)

  55. Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as if set forth fully herein.

  56. Plaintiff is a creditor of Defendant Wellers pursuant to the Loan No. 26-02 Note and all documents relating to the Loan No. 26-02 Note.

  57. Plaintiff is the holder of a perfected security interest in the Insurance Proceeds pursuant to the Loan No. 26-02 Deed of Trust and all documents relating to Loan No. 26-02 and the Loan No. 26-02 Deed of Trust.

  58. Defendant Wellers knew that the Insurance Proceeds constituted the collateral of Plaintiff and that failure to deliver the Insurance Proceeds to the Plaintiff would cause injury to the Plaintiff or to the property of the Plaintiff.

  59. Defendant Wellers acted with substantial certainty that Defendant Wellers' failure to deliver the Insurance Proceeds to Plaintiff would cause injury to the Plaintiff or to the property of the Plaintiff.

  60. Defendant' Wellers' actions constitute willful and malicious injury to the Plaintiff or to the property of Plaintiff.

  61. Due to Defendant Wellers' actions, it was necessary for the Plaintiff to employ its undersigned attorneys and instruct the filing of this action for which the Plaintiff will incur costs and expenses, including attorney's fees, which Defendant Wellers is obligated to pay under the terms and conditions of Loan No. 26-02.

  62. By reason of the foregoing,, Plaintiff is entitled to a judgment against the Defendant Wellers for all amounts due and owing on Loan No. 26-02 in an amount to be determined at trial, and a judgment determining that the debt owed to Plaintiff on Loan No. 26-02 is nondischargeable under 11 U.S.C. §523(a)(6).

  WHEREFORE, the Plaintiff requests that this Court

  a) Enter a judgment for all amounts due and owing on Loan No. 26-02 in favor of TBK Bank, SSB, successor by merger with Valley Bank and Trust, and against Defendant Jeanette

Wellers, in an amount to be determined at trial, pursuant to 11 U.S.C. §523(a)(6) determining that the debt evidenced by Loan No. 26-02 is nondischargeable

      b)      Enter a judgment in favor of Plaintiff, TBK Bank, SSB, successor by merger with Valley Bank and Trust, and against Defendant Jeanette Wellers, for all of Plaintiff's attorneys fees, costs and expenses incurred in bringing this action

      c)      Enter such other and further relief as the Court deems proper.

## FOURTH CLAIM FOR RELIEF – BREACH OF CONTRACT (AS TO DEFENDANT ECP ONLY)

63.      Plaintiff hereby incorporates by this reference Paragraphs 1 through 62 above as if set forth fully herein.

64.      Pursuant to the terms of the Loan No. 26-02 Deed of Trust, the Loan No. 18-01 Deed of Trust, the Loan No. 26-02 Business Loan Agreement, and the Loan No. 18-01 Business Loan Agreement, Defendant ECP was required to procure and maintain hazard insurance on the Property, and secure Plaintiff as loss payee under the insurance policy covering the Property.

65.      Pursuant to the terms of the Loan No. 26-02 Deed of Trust, the Loan No. 18-01 Deed of Trust, the Loan No. 26-02 Business Loan Agreement, and the Loan No. 18-01 Business Loan Agreement, Defendant ECP was required to maintain and repair the Property.

66.      Pursuant to the terms of the Loan No. 26-02 Deed of Trust, the Loan No. 18-01 Deed of Trust, the Loan No. 26-02 Business Loan Agreement, and the Loan No. 18-01 Business Loan Agreement, Defendant ECP was required to pay the Insurance Proceeds to Plaintiff as Plaintiff's collateral.

67.      Defendant ECP failed to maintain and repair the Property, failed to secure Plaintiff as loss payee under the insurance policy covering the Property, and failed to pay the Insurance Proceeds to Plaintiff as Plaintiff's collateral, all of which constitute breach of contract by Defendant ECP.

68.      Plaintiff has been damaged by Defendant ECP's breach of the Loan No. 26-02 Deed of Trust, the Loan No. 18-01 Deed of Trust, the Loan No. 26-02 Business Loan Agreement, and the Loan No. 18-01 Business Loan Agreement, in an amount to be determined upon further discovery in this action.

69.      The Insurance Proceeds should be recovered by the Bankruptcy Estate, as the membership interest of Defendant Wellers in Defendant ECP, secured by the security interests of Plaintiff.

      WHEREFORE, Plaintiff prays as follows:

    a)    For judgment against the Defendant ECP and in favor of Plaintiff, for damages for breach of contract, in an amount to be determined at trial,

    b)    For judgment for recovery of the Insurance Proceeds, secured by the security interests of Plaintiff, and

    c)    For such other and further relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF – CIVIL THEFT (AS TO DEFENDANT ECP ONLY)

69    Plaintiff hereby incorporates by this reference Paragraphs 1 through 68 above as if set forth fully herein.

70.    Plaintiff has a valid, perfected security interest in the Insurance Proceeds.

71.    Upon information and belief, Defendant ECP fraudulently, knowingly and intentionally dissipated and expended the Insurance Proceeds, with complete disregard to Plaintiff's interest in the Insurance Proceeds.

72.    Defendant ECP knew that Plaintiff had a valid, perfected lien on the Insurance Proceeds, and intended to deprive Plaintiff of its lien interest in the Insurance Proceeds.

73.    Plaintiff did not authorize Defendant ECP to dissipate and expend the Insurance Proceeds.

74.    Defendant ECP intended to permanently deprive Plaintiff of the use or benefit of Plaintiff's security interest in the Insurance Proceeds.

75.    Defendant ECP has committed civil theft pursuant to C.R.S. §18-4-405, and therefore Plaintiff is entitled to an award of treble damages.

WHEREFORE, Plaintiff prays as follows:

    a)    For judgment against the Defendant, ECP, for treble damages and attorneys' fees pursuant to the terms of Colorado's civil theft statutes, including without limitation C.R.S. §18-4-405; and

    b)    For such other and further relief as the Court may deem just and proper.

## RESERVATION OF RIGHT TO AMEND

76.    Plaintiff reserves the right to amend this Complaint, the claims, and damages, pursuant to Fed.R.Civ.P. 15 and the Federal Bankruptcy Rules of Procedure as additional or supplemental facts and information may become known under Fed.R.Civ.P. 26(a)(1) and the Federal Bankruptcy Rules of Procedure, or any other pre-trial or discovery proceeding.

DATED this 4th day of November, 2019.

        Respectfully Submitted,
        THE ROCKY MOUNTAIN LAW GROUP, LLC


        /s/ Beverly L. Edwards
        Beverly L. Edwards, No. 11532
        Attorneys for Plaintiff
        8400 E. Prentice Ave., Suite 1500
        Greenwood Village, CO 80111
        (303) 597-0202
        bedwards@rmlawgrp.com